**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-1736

AMY LAYE,

        Plaintiff - Appellant,

    v.

FRANK BISIGNANO, Commissioner of the Social Security Administration,

        Defendant - Appellee.

Appeal from the United States District Court for the District of South Carolina, at Rock Hill.  Paige Jones Gossett, Magistrate Judge.  (0:23-cv-01299-PJG)

Submitted:  June 12, 2025                                    Decided:  June 16, 2025

Before HARRIS and HEYTENS, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  George C. Piemonte, Jonathan Heeps, MARTIN, JONES & PIEMONTE, Charlotte, North Carolina, for Appellant.  Brian C. O'Donnell, Associate General Counsel, Maija Didomenico, Special Assistant United States Attorney, Jean M. Godfrey, Senior Attorney, Office of Program Litigation, Office of the General Counsel, SOCIAL SECURITY ADMINISTRATION, Baltimore, Maryland; Adair F. Boroughs, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Amy Laye appeals the magistrate judge's order upholding the administrative law judge's (ALJ) denial of Laye's application for supplemental security income. "In social security proceedings, a court of appeals applies the same standard of review as does the district court. That is, a reviewing court must uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017) (cleaned up). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (cleaned up). "In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (cleaned up).

We have reviewed the record and discern no reversible error. The ALJ applied the correct legal standards in evaluating Laye's claim for benefits, and the ALJ's factual findings are supported by substantial evidence. Accordingly, we affirm the magistrate judge's decision upholding the denial of benefits. *Laye v. Bisignano*, No. 0:23-cv-01299-PJG (D.S.C June 7, 2024). We dispense with oral argument because the

2

facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*